654

## MAIATICO v. HOLDEN.
### No. 9066.

United States Court of Appeals
District of Columbia.

Submitted Jan. 15, 1946.

Decided March 4, 1946.

Mr. George P. Lemm, of Washington, D.C., for appellant.

No appearance for appellee.

Before EDGERTON, WILBUR· K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellee filed a civil action in the District Court for $5,240.20 on a brickwork contract. The parties to the action were the parties to the contract, under which appellee agreed to do brickwork and stonework on a building for appellant. Difficulties having developed, appellant took over the contract and released appellee. The sum for which action was brought was composed of several items alleged to be due appellee under the changeover arrangement. After trial, without a jury, the court entered judgment for $241.68, plus interest and costs, for an item of Workmen's Compensation insurance due on the payroll from November 2, 1940, to January 15, 1941. This appeal followed.

A writing evidencing the termination of the contract originally made between these parties was executed January 15, 1941, but it had been preceded by oral agreements. Upon the trial there was a dispute concerning the date as of which the appellant agreed that he would assume responsibility for the premium on Workmen's Compensation insurance. Appellant paid the premium due after January 15, 1941. There was a conflict in the evidence. The court found as a fact that the agreement was that appellant would pay the premium from and after November 2, 1940, and the judgment was on that basis.

Appellant argues that the evidence was not sufficient to support the finding of the court. The witnesses testified in person, and the court observed them. There was a direct statement by a witness from the insurance company that a representative of appellant confirmed the information given him by appellee that after November 2, 1940, appellant was responsible for the insurance. It is apparently agreed that the appellant began to pay the wages directly some time in November, 1940. The testimony as a whole, including that just referred to, is confused. The findings of fact of the trial judge are in some detail. On this state of a record, we will not disturb the conclusion of the court unless we find clear error.

Affirmed.